**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 16-4202**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENDRICK WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:15-cr-00031-BO-1)

Submitted: August 31, 2017                              Decided: September 15, 2017

Before TRAXLER, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendrick Williams appeals from the criminal judgment imposed after he pled guilty to two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and was sentenced to 151 months in prison. Williams asserts only that his sentence must be vacated because his offense level should not have been enhanced under U.S. Sentencing Guidelines Manual § 4B1.2(a) (2015). We disagree.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first determine whether the district court committed significant procedural error, such as incorrect calculation of the Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014).

When, as here, a party repeats on appeal a claim of procedural sentencing error that it has made before the district court, this court reviews for abuse of discretion. *See United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). If we find such abuse, we must reverse unless we determine that the error was harmless. *Id*. In evaluating the district court's Guidelines calculations, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 771 F.3d 225, 235 (4th Cir. 2014).

Under the version of USSG § 4B1.2(a) in effect at the time of Williams' sentencing, "crime of violence" is defined as an offense punishable by more than a year

2

of imprisonment that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [(the "force clause")], or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [(the "enumerated offenses clause")], or otherwise involves conduct that presents a serious potential risk of physical injury to another [(the "residual clause")]." USSG § 4B1.2(a).[*] The commentary to USSG § 4B1.2 enumerates other offenses as crimes of violence, including "robbery." USSG § 4B1.2 cmt. n.1. We conclude that Williams' prior North Carolina conviction for common law robbery was properly considered a crime of violence under USSG § 4B1.2(a)(2). *Cf. United States v. Jarmon*, 596 F.3d 228, 230–33 (4th Cir. 2010) (holding that North Carolina conviction for larceny from the person—which is a lesser included offense of common law robbery—was a "crime of violence" under USSG § 4B1.2(a)(2) residual clause).

We therefore affirm the criminal judgment. We deny the Government's motion for summary affirmance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Section 4B1.2(a)(2) was amended in August 2016 to remove the residual or "otherwise" clause, as well as to remove burglary and add robbery to the offenses enumerated in the Guideline's text. USSG app. C, amend. 798 (2016). Williams was sentenced on April 7, 2016, when the 2015 version of the Guidelines was in effect.